# EXHIBIT 2

JULIE E. TAYLOR

v.

MID-CENTURY INSURANCE COMPANY, a California limited liability company d/b/a Farmers Insurance Group; DOES 1 through X, and ROE BUSINESS ENTITIES I through X, inclusive

Case No. To Be Determined

**DEFENDANT'S EXHIBITS TO PETITION FOR REMOVAL**

# EXHIBIT 2

COMPLAINT FILED IN EIGHTH JUDICIAL DISTRICT COURT OF NEVADA

Electronically Filed
6/1/2017 7:23 PM
Steven D. Grierson
CLERK OF THE COURT

Doren E. Hohl
JUN 0 9 2017
SERVICE OF PROCESS

**COMP**
REBECCA A. FULLER, ESQ.
Nevada Bar No. 9809
Fuller Law Practice, PC
500 N Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
PH (702) 553-3266
FX (702) 553-3267
info@fullerlawpractice.com
Attorneys for Plaintiff

IN THE EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| JULIE E. TAYLOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY, LLC, a California limited liability company, d/b/a Farmers Insurance Group; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　　Defendants. | Case No.: A-17-756323-C<br>Dept. No.: Department 31<br><br>**EXEMPTION FROM ARBITRATION**<br>**VALUE EXCEEDS $50,000**<br><br>**COMPLAINT** |

　　COMES NOW, Plaintiff, JULIE E. TAYLOR, by and through her counsel of record, Rebecca A. Fuller, Esq., of Fuller Law Practice, PC, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

　　1.　Plaintiff, JULIE E. TAYLOR, was at all times relevant hereto, and still is, a resident of the city of Las Vegas, County of Clark, State of Nevada.

　　2.　Defendant, MID-CENTRUY INSURANCE COMPANY, LLC, doing business as FARMERS INSURANCE GROUP (hereinafter "FARMERS"), is a California limited liability company engaged in the insurance business in the State of Nevada, and, at all times pertinent hereto, was duly authorized to do business in the State of Nevada.

　　3.　The true names and capacities of the Defendants DOES I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant designated as DOES I through X and/or ROE BUSINESS ENTITIES I through X is an insurance company and/or its owner, agent, employee, and/or

1  assign providing insurance coverage and service to Plaintiff and/or is an organization or person
2  otherwise contractually liable for the injuries and damages complained of herein. Plaintiff will
3  ask leave of the Court to amend his Complaint to insert the true names of such Defendants when
4  the same have been ascertained.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

4. Plaintiff realleges and reasserts each and every statement contained in Paragraphs 1 through 3 above. Plaintiff further alleges as follows:

5. At all times herein mentioned, and particularly on or about August 16, 2013, Plaintiff was operating her vehicle, generally described as a 2011 Hyundai Tucson bearing Nevada license plate number 244XGZ, and was traveling eastbound on Coley Avenue at the intersection of Coley Avenue and Montessori Street. There were no traffic control devices on Coley and Plaintiff had the right of way.

6. At such time and place, Demarcus Eugene McKenzie (hereinafter "McKenzie") was operating a vehicle owned by Hertz Vehicles, LLC (hereinafter "Hertz"), generally described as a 2013 Chevrolet bearing Nevada license plate number 908YVR, and was traveling southbound on Montessori Street when he failed to stop for the stop sign and entered the intersection at the same time Plaintiff's vehicle was passing, and colliding with the left front side of Plaintiff's vehicle. The impact caused Plaintiff's vehicle and McKenzie's vehicle to redirect and led to a second impact of McKenzie's vehicle on the left rear of Plaintiff's vehicle.

7. At all times during his operation of the aforementioned motor vehicle, McKenzie owed a duty of care to Plaintiff to operate said vehicle properly and in a reasonable manner, complying with all rules of the roadway, including relevant laws via statute, ordinance, code, or otherwise.

8. On or about August 16, 2013, McKenzie operated the 2013 Chevrolet negligently, carelessly, and recklessly by failing to yield the right of way, disregarding a traffic control device, failing to pay full attention to his driving, failing to use due care, failing to decrease his speed, and filing to operate the vehicle in a manner safe for existing conditions, all and each of

which caused the vehicle McKenzie was driving to collide with Plaintiff's vehicle, and thereby directly and proximately causing injuries and damages to Plaintiff.

9. McKenzie did not have insurance coverage for the collision.

10. Hertz, as the owner of the vehicle, was self-insured and had limits of liability insurance in the amount of fifteen thousand dollars ($15,000.00), which amount has been tendered.

11. Plaintiff's damages far exceeded the monies available to her under the liability insurance of Hertz.

12. At all times pertinent hereto, Plaintiff was acting as a reasonable and prudent driver in accordance with all relevant statutory and common laws and in no way caused or contributed to the accident or the injuries she sustained.

13. At all material times and places, and particularly on August 16, 2013, Plaintiff owned and operated a motor vehicle described as a 2011 Hyundai Tucson, bearing Nevada license number 244XGZ, insured by Defendant Farmers.

14. At all times pertinent hereto, Plaintiff was a named insured under an insurance policy (policy number 0189610075), issued by Defendant Farmers and/or its officers, agents, employees, and/or assigns for the Plaintiff's 2011 Hyundai Tucson motor vehicle which policy provided Plaintiff underinsured and uninsured motorist coverage.

15. Policy number 0189610075 provided underinsured and uninsured motorist coverage to Plaintiff in the face amount of $100,000.00 per person and $300,000.00 per accident.

16. At all times pertinent hereto, the insurance policy referred to above was in full force and effect and all premiums due on said policy had been paid.

17. Plaintiff has performed all conditions, covenants, and promises of the policy as required, including, but not limited to, the payment of term premiums.

18. Plaintiff has provided all pertinent information and documentation in an application for underinsured motorist benefits with Defendant Farmers.

///

///

19.   Defendant Farmers, under said underinsured motorist policy, has failed to make a reasonable valuation of the claim, and has failed to make and tender a reasonable and adequate offer to compensate Plaintiff for her severe injuries and damages as alleged herein.

20.   Defendant Farmers's failure to reasonably evaluate, offer, and tender payment under said policy of underinsured motorist coverage and/or to make a reasonable and adequate offer to compensate Plaintiff for her severe injuries and damages, as alleged herein, constitutes a breach of contract on the part of Defendant under the terms and conditions as the policies set forth.

21.   As a direct and proximate result of Defendant Farmers's aforesaid breaches of contract, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000).

22.   It is necessary for Plaintiff to have retained the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

23.   Plaintiff realleges and reasserts each and every statement contained in Paragraphs 1 through 22 above. Plaintiff further alleges as follows:

24.   Implied within the contract of insurance sold to the Plaintiff by the Defendant is a covenant of good faith and fair dealing.

25.   The Plaintiff has established a legal entitlement to her underinsured motorist coverage due to the fault of the tortfeasor, McKenzie, and the damages causally related thereby, both of which have been appropriately communicated by Plaintiff to Defendant Farmers.

26.   Defendant Farmers's acts and omissions aforementioned are considered to be, and still are, unreasonable conduct, and Farmers knows and/or should know that these acts and omissions are, in fact, unreasonable.

27.   Defendant has breached the implied covenant of good faith and fair dealing by the above acts and omissions, including, but not limited to, consistently failing to live up to its contractual obligations, failing to reasonably and appropriately evaluate Plaintiff's legal

1  entitlement to damages, failing to tender a fair and reasonable amount, and consistently relying
2  upon facetious and disingenuous grounds to arbitrarily minimize Plaintiff's valid claim.

3   28.  As a direct and proximate result of Defendant Farmers's aforesaid breaches of the
4  implied covenant of good faith and fair dealing, Plaintiff is entitled to punitive damages herein in
5  sums in excess of Ten Thousand Dollars ($10,000).

6   29.  It is necessary for Plaintiff to have retained the services of an attorney to
7  prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs
8  of suit.

### THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

11   30.  Plaintiff realleges and reasserts each and every statement contained in Paragraphs
12  1 through 29 above. Plaintiff further alleges as follows:

13   31.  The contract of insurance sold to the Plaintiff by the Defendants carries with the
14  contract a fiduciary duty therein.

15   32.  The Defendants have breached their fiduciary duty by the acts and omissions
16  alleged herein.

17   33.  As a direct and proximate result of Defendant Farmers's aforesaid breaches of
18  their Implied Fiduciary Duty therein, Plaintiff has been damaged in an amount in excess of Ten
19  Thousand Dollars ($10,000).

20   34.  It is necessary for Plaintiff to have retained the services of an attorney to
21  prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs
22  of suit.

### FOURTH CAUSE OF ACTION

### (Violation of Statute)

25   35.  Plaintiff realleges and reasserts each and every statement contained in Paragraphs
26  1 through 34 above. Plaintiff further alleges as follows:

27  ///
28  ///

36. The Defendant Farmers is subject to various statutes of the State of Nevada regarding its business practices, including, but not limited to, the Nevada Unfair Claims Practices Act.

37. The Defendant Farmers has violated numerous aspects of the above mentioned Nevada Unfair Claims Practices Act, including, but not limited to, 1) failing to effectuate a prompt, fair, and equitable settlement of this claim in which liability has become reasonably clear, and 2) compelling Plaintiff to institute litigation to recover amounts due under a policy.

38. As a direct and proximate result of Defendant's aforesaid violations of Nevada statutes, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000).

39. It is necessary for Plaintiff to have retained the services of an attorney to prosecute this action and Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff, JULIE E. TAYLOR, prays for judgment against Defendant FARMERS as follows:

### FIRST CAUSE OF ACTION

1. For general damages in an amount in excess of Ten Thousand Dollars ($10,000);
2. For special damages in an amount to be determined at time of trial;
3. For costs of suit with interest and reasonable attorney's fees incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

1. For general damages in an amount in excess of Ten Thousand Dollars ($10,000);
2. For special damages in an amount to be determined at time of trial;
3. For costs of suit with interest and reasonable attorney's fees incurred herein;
4. For punitive damages in an amount to be determined at time of trial; and
5. For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

1. For general damages in an amount in excess of Ten Thousand Dollars ($10,000);
2. For special damages in an amount to be determined at time of trial;

3. For costs of suit with interest and reasonable attorney's fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACITON

1. For general damages in an amount in excess of Ten Thousand Dollars ($10,000);

2. For special damages in an amount to be determined at time of trial;

3. For costs of suit with interest and reasonable attorney's fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 1st day of June, 2017.

FULLER LAW PRACTICE, PC

*Rebecca A Fuller*

Rebecca A. Fuller, Esq.
Nevada Bar No. 9809
500 N. Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
PH (702) 553-3266  FX (702) 553-3267
Attorney for Plaintiff